UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO

| | | |
|---|---|---|
| JOHN MICHAEL SKORVANEK, | ) | CASE NO. 1:08 CV 78 |
| | ) | |
| Plaintiff, | ) | JUDGE DONALD C. NUGENT |
| | ) | |
| v. | ) | |
| | ) | MEMORANDUM OF OPINION |
| SHERIFF PHIL STAMMITTI, et al., | ) | AND ORDER |
| | ) | |
| Defendants. | ) | |

On January 11, 2008, pro se plaintiff John Michael Skorvanek filed the above captioned action under 42 U.S.C. § 1983 against Lorain County Sheriff Phil Stammitti, and Lorain County Commissioners Ted Kalo, Betty Blair, and Lori Kokoski. In the complaint, plaintiff objects to the conditions of confinement in the Lorain County Jail. He seeks injunctive relief and monetary damages.

### Background

Mr. Skorvanek's complaint consists entirely of a list of grievances pertaining to conditions at the Lorain County Jail. He claims:

1. indigent inmates are not provided with a Notary service;

2. grievances are not returned;

3. inmates in segregation are handcuffed and shackled and "are frequently attacked by murderers;"

4. the corrections officers spend less than an hour in the pods during their shifts;

5. overcrowded conditions have existed for years;

6. reading materials and games are not provided and are not permitted to be brought into the jail from an outside source;

7. there is insufficient space to get a good cardiovascular workout;

8. inmates are not permitted to shave every work day;

9. the television in pod 3-E does not provide closed captioning for the hearing impaired;

10. inmates in pod 3-E who sleep on the floor are not given extra blankets;

11. mail is not delivered every day;

12. the food is cold and the portions are small;

13. the cells in the segregation area do not have a window to allow in natural light;

14. inmates in segregation are fed dinner at 4:00 p.m. and breakfast at 7:30 a.m., leaving fifteen and one half hours between these meals;

15. inmates are not provided with a law library and are not permitted to have law books sent in from an outside source;

16. the available seating around the television in pod 3-E is insufficient to accommodate all of the inmates;

17. the lights in pod 3-E are not turned on until 3:30 p.m. and are turned off at 11:00 p.m.

18. inmates were "exposed to the sun's ultraviolet rays five times this year of 2007...[t]hus hindering our ability to produce vitamin D."

19. inmates are not given fresh fruits and vegetables;

20. inmates returning from prison to await trial are housed in the maximum security pod of 3-E even if they are non-violent offenders;

21. Juveniles are housed in a "glass bubble" that can be seen by adult inmates;

22. inmates are not permitted to purchase 8.5 x 11 envelopes or use staples in their pleadings;

23. some inmates are held in segregation for over a year;

24. there is only one chin-up bar, one dip bar, and one weight bench in the workout area.

25. inmates are punished by being strapped down to steel chairs or beds for protracted periods of time;

26. inmates who are assaulted by others can rarely convince the county prosecutor to press charges;

27. visiting rooms for attorneys are not sound-proof;

28. inmates are held with excessive bail to keep the jail at maximum capacity;

29. diabetic inmates are given applesauce at every meal, have the same snack of bologna, 2 slices of bread, an apple or an orange and are not provided with mustard;

30. the top bunks do not have handrails;

31. the commissary does not sell dental floss;

32. several other inmates who had been assaulted were shackled and handcuffed.

He seeks an order from this court to abate these conditions and monetary damages.

## Analysis

Although pro se pleadings are liberally construed, Boag v. MacDougall, 454 U.S. 364, 365 (1982) (per curiam); Haines v. Kerner, 404 U.S. 519, 520 (1972), the district court is required to dismiss an in forma pauperis action under 28 U.S.C. §1915(e) if it fails to state a claim upon which relief can be granted, or if it lacks an arguable basis in law or fact.[1] Neitzke v.

---

[1]     An in forma pauperis claim may be dismissed sua sponte, without prior notice to the plaintiff and without service of process on the defendant, if the court explicitly states that it is
(continued...)

3

Williams, 490 U.S. 319 (1989); Lawler v. Marshall, 898 F.2d 1196 (6th Cir. 1990); Sistrunk v. City of Strongsville, 99 F.3d 194, 197 (6th Cir. 1996). For the reasons stated below, this action is dismissed pursuant to section 1915(e).

        In every federal case, the party bringing the suit must establish standing to prosecute the action. "In essence the question of standing is whether the litigant is entitled to have the court decide the merits of the dispute or of particular issues." Warth v. Seldin, 422 U.S. 490, 498 (1975). Consistent with these principles, standing jurisprudence contains two parts: Article III standing, which enforces the Constitution's case or controversy requirement, see Lujan v. Defenders of Wildlife, 504 U.S. 555, 559-562 (1992), and prudential standing, which embodies "judicially self-imposed limits on the exercise of federal jurisdiction." Allen v. Wright, 468 U.S. 737, 751 (1984). These Article III limitations require a litigant to show that the conduct of which he complains has caused him to suffer an "injury in fact" that a favorable judgment will redress. See Lujan, 504 U.S., at 560- 561. Although the dimensions of prudential standing have not been as clearly defined, it has been determined to encompass "the general prohibition on a litigant's raising another person's legal rights, the rule barring adjudication of generalized grievances more appropriately addressed in the representative branches, and the requirement that a plaintiff's complaint fall within the zone of interests protected by the law invoked." Elk Grove Unified School Dist. v. Newdow, 542 U.S. 1, 11-12 (2004); see Allen, 468 U.S., at 751. Mr. Skorvanek fails to establish that he has standing to raise these claims in federal court.

---

(...continued)

invoking section 1915(e) [formerly 28 U.S.C. § 1915(d)] and is dismissing the claim for one of the reasons set forth in the statute. McGore v. Wrigglesworth, 114 F.3d 601, 608-09 (6th Cir. 1997); Spruytte v. Walters, 753 F.2d 498, 500 (6th Cir. 1985), cert. denied, 474 U.S. 1054 (1986); Harris v. Johnson, 784 F.2d 222, 224 (6th Cir. 1986); Brooks v. Seiter, 779 F.2d 1177, 1179 (6th Cir. 1985).

There is no allegation in the complaint which would reasonably indicate that Mr. Skorvanek has personally experienced any of these conditions. His 2, 3, 9, 10, 13, 14, 20, 21, 23, 25, 26, 28, 29, 30, and 32 claims contain allegations which affect only certain inmates. Mr. Skorvanek gives no indication that he is part of any of those groups of inmates. In fact, it is certain that he has not been the personal subject of some of his claims, like those which pertain to juveniles or those which affected only inmates which he names in his complaint. A party must assert his own legal rights and interests, and cannot rest his claim to relief on the legal rights or interests of third parties. Warth v. Seldin, 422 U.S. 490, 499 (1975); Allstate Insurance Co. v. Wayne County, 760 F.2d 689, 693 (6th Cir. 1985). The fact that Mr. Skorvanek may be collaterally affected by the adjudication of another's rights does not necessarily extend the court's Article III powers to him. Allstate Insurance Co., 760 F.2d at 692. Because Mr. Skorvanek does not give any indication that he was personally subjected to these conditions, he has not shown that he has standing to raise the allegations in claims 2, 3, 9, 10, 13, 14, 20, 21, 23, 25, 26, 28, 29, 30, and 32.

While his remaining grievances assert generalized conditions of confinement which would arguably affect the entire population of pod 3-E, he fails to state a claim upon which relief may be granted. He provides no indication of the cause of action he wishes to assert. To the extent that he is attempting to assert his claims under the Eighth Amendment, he fails to do so. An Eighth Amendment claim is stated where a prisoner is denied some element of civilized human existence due to deliberate indifference or wantonness. Wilson v. Seiter, 501 U.S. 294 (1991); see also Hudson v. McMillian, 503 U.S. 1 (1992); Street v. Corrections Corp. of America, 102 F.3d 810, 814 (6th Cir. 1996). Although the Eighth Amendment's protections apply specifically to post-conviction inmates, see Barber v. City of Salem, Ohio, 953 F.2d 232, 235 (6th Cir. 1992), the Due Process Clause of the Fourteenth Amendment operates to guarantee those same protections to pretrial

5

detainees as well. Thompson v. County of Medina, Ohio, 29 F.3d 238, 242 (6th Cir.1994); see also Molton v. City of Cleveland, 839 F.2d 240, 243 (6th Cir.1988). Mr. Skorvanek does not specify whether he is a pretrial detainee or an inmate who has been convicted of an offense. Nevertheless, his claims would require dismissal. The Eighth and Fourteenth Amendments afford protection to inmates against conditions of confinement which constitute serious threats to the health of the inmate. These protections, however, do not reach to conditions which cause mere discomfort or inconvenience. Hudson, 503 U.S. at 9-10. Prisoners "cannot expect the amenities, conveniences and services of a good hotel." Harris v. Fleming, 839 F.2d 1232, 1235 (7th Cir.1988); see Thaddeus-X v. Blatter,175 F.3d 378, 405 (6th Cir. 1999). Plaintiff has not alleged a deprivation which he has personally experienced which triggers the protections of either the Eighth or the Fourteenth Amendments.

To the extent that Mr. Skorvanek was attempting to assert a claim other than one arising under the Eighth or Fourteenth Amendments, his complaint must be dismissed. Principles requiring generous construction of pro se pleadings are not without limits. See Wells v. Brown, 891 F.2d 591, 594 (6th Cir. 1989); Beaudett v. City of Hampton, 775 F.2d 1274, 1277 (4th Cir. 1985). A complaint must contain either direct or inferential allegations respecting all the material elements of some viable legal theory to satisfy federal notice pleading requirements. See Schied v. Fanny Farmer Candy Shops, Inc., 859 F.2d 434, 437 (6th Cir. 1988). District courts are not required to conjure up questions never squarely presented to them or to construct full blown claims from sentence fragments. Beaudett, 775 F.2d at 1278. To do so would "require ...[the courts] to explore exhaustively all potential claims of a pro se plaintiff, ... [and] would...transform the district court from its legitimate advisory role to the improper role of an advocate seeking out the strongest arguments and most successful strategies for a party." Id. at 1278. Moreover, plaintiff's failure to

6

identify a particular legal theory in his complaint places an unfair burden on the defendants to speculate on the potential claims that plaintiff may be raising against them and the defenses they might assert in response to each of these possible causes of action. See Wells v. Brown, 891 F.2d at 594. Even liberally construed, the complaint does not sufficiently state a cause of action which does not arise from the Eighth or Fourteenth Amendments.

Finally, even if Mr. Skorvanek could overcome these other fatal flaws in his pleading, his claims against the Lorain County Commissioners would be dismissed. Plaintiff cannot establish the liability of any defendant absent a clear showing that the defendant was personally involved in the activities which form the basis of the alleged unconstitutional behavior. Rizzo v. Goode, 423 U.S. 362, 371 (1976); Mullins v. Hainesworth, No. 95-3186, 1995 WL 559381 (6th Cir. Sept. 20, 1995). The complaint simply contains no facts which reasonably associate these defendants to any of the claims set forth by plaintiff.

## Conclusion

Accordingly, this action is dismissed pursuant to 28 U.S.C. § 1915(e). The court certifies, pursuant to 28 U.S.C. § 1915(a)(3), that an appeal from this decision could not be taken in good faith.[2]

IT IS SO ORDERED.

DONALD C. NUGENT
UNITED STATES DISTRICT JUDGE

Dated: March 21, 2008

---

[2]    28 U.S.C. § 1915(a)(3) provides:

An appeal may not be taken in forma pauperis if the trial court certifies that it is not taken in good faith.

7